IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:22-CV-138-M-BM

MICHAEL GREGG O'CONNELL,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

**ORDER**

This matter comes before the court on Defendant's motion to dismiss [DE 14]. Defendant seeks dismissal of Plaintiff's claim under the Camp Lejeune Justice Act of 2022 ("CLJA"). Pursuant to 28 U.S.C. § 636(b)(l)(B) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Brian S. Meyers entered a memorandum and recommendation ("M&R") [DE 21], recommending that the court grant Defendant's motion and dismiss Plaintiff's complaint without prejudice.

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(l); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Stokes v. Berryhill*, 294 F. Supp. 3d 460, 462 (E.D.N.C.

1

2018) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982)). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310,315 (4th Cir. 2005).

In response to the M&R, Plaintiff submitted a letter on June 21, 2023 stating "[o]ne would think that two government agency's [sic] could communicate with each other in regards to such serious matters!" [DE 22]. Plaintiff also included a letter from the Department of Navy dated May 10, 2023 denying his administrative claim since "a suit against the United States for damages arising out of this incident was filed in this matter" (May 10 Letter). [DE 22-1]. Plaintiff's "general and conclusory" objections do not warrant this court's de novo review of any "specific error" in the M&R. *Stokes*, 294 F. Supp. 3d at 462.

Regardless, the May 10 Letter further demonstrates that Plaintiff failed to meet the CLJA administrative exhaustion requirement. *See* Pub. L. No. 117-168, § 804(h); 28 U.S.C. § 2675. Before bringing a CLJA action, Section 804(h) requires compliance with 28 U.S.C. § 2675, the Federal Tort Claims Act (FTCA). The FTCA requires that before filing suit against the United States, claimants must "first present[ ] the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . . ." Plaintiff filed his complaint on October 3, 2022. [DE 8]. The May 10 Letter shows that the Department of Navy did not deny Plaintiff's claim until May 10, 2023. [DE 22-1]; *see* Pub. L. No. 117-168, § 804(h); 28 U.S.C. § 2675. Thus, Plaintiff could not possibly have met the CLJA administrative exhaustion requirements before May 10, 2023. "A[n] [FTCA claim] that is filed before the denial has issued or six month period has elapsed is not rescued simply because time has passed or a denial is issued at a later time." *Fishman v. United States*, 2011 WL 2618897, at *2 (E.D.N.C. July 1, 2011), *aff'd*, 473 F. App'x 327 (4th

Cir. 2012).

Upon careful review of the M&R and the record presented, and finding no clear error, the court ADOPTS the recommendation of the magistrate judge as its own. For the reasons stated therein, Defendant's motion to dismiss [DE 14] is GRANTED and Plaintiff's complaint [DE 8] is DISMISSED WITHOUT PREJUDICE.

SO ORDERED this 7th of July, 2023.

*Richard E Myers II*

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

3

Case 7:22-cv-00138-M-BM   Document 23   Filed 07/07/23   Page 3 of 3